Benjamin Newberg, J.
Defendant moves for a new trial on the ground of newly discovered evidence after a conviction of the crime of selling narcotics in violation of section 1751 of the Penal Law.
The newly discovered evidence consists of the misidentification of the principal witness who was sworn and identified as Willie Green.
The examination of the record discloses a complete and thorough examination of the said principal witness Willie Green. The said witness did admit that in the course of his participation in this case he did on occasions disguise his true identity.
Although the jury did have the benefit of some evidence as to the use of incorrect identities, the lack of knowledge by the defendant as to the true identity of said Willie Green did prevent and preclude the defendant from making a complete and thorough investigation of the background and other material aspects of the said witness Willie Green. The affidavit supporting the application does not disclose any investigation of said witness based upon his true- identity and does not disclose that any investigation has been made to determine the true identity of said alleged witness Willie Green. Said supporting papérs do not set forth any circumstances -which are at variance with the testimony allegedly adduced in the trial. The supporting papers rely upon the sole contention that the misidentification violated a constitutional right of the defendant and therefore he *561 is entitled to a new trial by reason of this newly discovered evidence.
Section 465 of the Code of Criminal Procedure provides as follows: “ The court in which a trial has been had upon an issue of fact has power to grant a new trial, when a verdict has been rendered against the defendant, by which his substantial rights have been prejudiced, upon his application, in the following cases ”.
Power to grant new trial for newly discovered evidence can be exercised only in strict compliance with this section (People v. Knapper, 230 App. Div. 487).
The power to grant an order for a new trial on the ground of newly discovered evidence is purely statutory and may be exercised only when the requirements of this section have been satisfied to the determination of the trial court (People v. Salemi, 309 N. Y. 208).
Newly discovered evidence, to constitute ground for new trial, must be such as will probably change the result on new trial; it must have been discovered since trial and be such as could not have been discovered before trial by due diligence; it must be material to issue, and not merely cumulative to former issue, nor merely impeaching or contradicting former evidence (People v. Jones, 194 N. Y. 83).
In the absence of any facts indicating a variance in the testimony of the said material witness, the court cannot make a determination as to whether the newly discovered evidence is of such a grave and material nature that it could have changed the result in the event a new trial was had. In the absence of any knowledge of any facts or circumstances which might flow from an investigation of the said witness based upon his correct identity, the court cannot determine whether or not the new evidence would be merely cumulative to former issues or whether or not it would merely impeach or contradict the former evidence.
It appears that it is incumbent upon the defendant to present any variance of testimony which an investigation of the background of said witness may disclose. Only upon presentation of such material facts and circumstances will the court be able to determine whether the newly discovered evidence justifies the granting of a new trial in accordance with section 465 of the Code of Criminal Procedure.
Since the defendant moves for this relief under the provisions of section 465 of the Code of Criminal Procedure and since there is a failure to comply with all the elements required under said section, the application for a new trial upon the ground of newly *562 discovered evidence is hereby denied without prejudice to the defendant to renew this application upon the submission of additional facts which a reasonable and proper investigation of the circumstances may disclose.